VERA P. PARDEE (State Bar No. 106146)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: 415.436.9682 ext. 317
Facsimile: 415.436.9683
Email: vpardee@biologicaldiversity.org

Attorneys for Plaintiff
CENTER FOR BIOLOGICAL DIVERSITY


HELEN H. KANG (State Bar No. 124730)
Environmental Law and Justice Clinic
Golden Gate University School of Law
536 Mission Street
San Francisco, CA 94105
Telephone: 415.442.6647
Facsimile: 415.896.2450
Email: hkang@ggu.edu
Attorneys for Plaintiffs

GREENPEACE, INC. and
PORT TOWNSEND AIRWATCHERS

[Counsel for Defendants listed on page 2]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, GREENPEACE, INC., and PORT TOWNSEND AIRWATCHERS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LISA P. JACKSON, Administrator, United States Environmental Protection Agency, <br><br> Defendants. | Case No.: C-11-06059 YGR <br><br> [~~PROPOSED~~] CONSENT DECREE |

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
NORMAN L. RAVE, JR. (D.C. 431602)
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044
Telephone:  202.616.7568
Facsimile:  202.514.8865
Email:  norman.rave@usdoj.gov

Attorneys for Defendants

# CONSENT DECREE

WHEREAS, Plaintiffs Center for Biological Diversity, Greenpeace, Inc., and Port Townsend Airwatchers (collectively, "Plaintiffs")  filed their Complaint on December 6, 2011, against Defendants the United States  Environmental Protection Agency and EPA Administrator Lisa Jackson (collectively "EPA"), pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), to compel EPA to review the existing New Source Performance Standards governing kraft pulp mills ("kraft pulp NSPS") under Clean Air Act ("the Act") Section 111, 42 U.S.C. § 7411;

WHEREAS, EPA last issued kraft pulp NSPS, set forth in 40 C.F.R. Part 60, Subpart BB  ("NSPS"), in 1978;

WHEREAS, plaintiffs allege that EPA has failed to perform a non-discretionary duty to review, and if appropriate revise, the NSPS for kraft pulp mills at least every 8 years pursuant to 42 U.S.C. § 7411 (b)(1)(B);

WHEREAS, EPA will be providing Plaintiffs with status reports every 90 days to inform Plaintiffs whether the Agency continues to make reasonable progress towards meeting the

deadlines provided in this consent decree, or if it anticipates any difficulties in meeting those dates, in which case the EPA will provide an explanation of the difficulty or difficulties;

WHEREAS, Plaintiffs and EPA (collectively "the Parties") wish to effectuate a settlement of the above-captioned matter without expensive and protracted litigation;

WHEREAS, the Parties consider this Decree to be an adequate and equitable resolution of the claims in the above-captioned matter; and

WHEREAS, the Court, by entering this Decree, finds that the Decree represents a fair, equitable, and adequate resolution of the claims resolved herein; NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the claims set forth in the Complaint, and to order the relief contained in this Decree, pursuant to section 304 of the Act, 42 U.S.C. § 7604. Venue is proper in the United States District Court for the Northern District of California pursuant to section 304 of the Act, 42 § U.S.C. 7604, and 28 U.S.C. § 1391(e).

2. For the kraft pulp mills source category:

   a. No later than May 15, 2013, EPA shall: (i) review the kraft pulp NSPS and sign for publication one or a combination of the following: (A) a proposed rule containing revisions to the kraft pulp NSPS, 40 C.F.R. Part 60, Subpart BB ("NSPS Subpart BB"), under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (B) a proposed determination under section 111(b)(1)(B) not to revise NSPS Subpart BB; or (ii) sign for publication a determination that "review is not appropriate in light of readily available information on the efficacy of [the] standard," *i.e.,* NSPS Subpart BB.

b. If EPA signs a proposed rule or a proposed determination pursuant to paragraph 2.a(i) above, then no later than March 14, 2014, EPA shall sign one or a combination of the following: (i) a final rule containing revisions to NSPS Subpart BB under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) a final determination under section 111(b)(1)(B) not to revise Subpart BB.

c. The Parties do not agree on the legal question of whether notice and comment is required in the event that EPA takes action only pursuant to paragraph 2.a(ii). In view of this, the Parties agree that nothing in this Consent Decree precludes Plaintiffs from challenging any such action on the basis that notice and comment was not provided, or on any other grounds, or as stated generally in Paragraph 9; and nothing prevents EPA from raising any defenses in response to such a challenge.

3. Within 10 business days of signing any of the documents described in Paragraph 2, the appropriate EPA official shall forward it or them to the Office of the Federal Register for publication. EPA shall request in writing that the Office of Federal Register take all necessary steps to publish the notice expeditiously.

4. Within five (5) business days after forwarding the materials described in Paragraph 2 to the Federal Register, EPA shall send copies of such materials to Plaintiffs.

5. The deadlines set forth in Paragraphs 2 and 3 hereof may be modified only by: (a) written stipulation of the Parties with notice to the Court; or (b) the Court following motion of any party to this Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

6. Pursuant to section 304(d) of the Clean Air Act, 42 U.S.C. § 7604(d), Plaintiffs

are eligible and entitled to recover their costs of litigation in this action, including reasonable attorney's fees. The deadline for filing a bill of costs pursuant to Local Rule 54-1 and a motion for costs of litigation, including reasonable attorney's fees pursuant to Local Rule 54-5, is extended until 90 days after the date on which the Court enters this Consent Decree. EPA reserves the right to object to the reasonableness of any such fees and costs.

7. The Parties shall not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree. Upon entry, no party shall challenge the terms of this Decree.

8. Except as provided herein, nothing in this Decree shall be construed to limit or modify any discretion accorded to EPA by the CAA or by general principles of administrative law in taking the actions that are the subject of this Decree.

9. Nothing in this Decree shall be construed to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA Section 307(b)(1), 42 U.S.C. § 7607(b)(1). Nothing in the terms of this Decree shall be construed to waive, limit or modify any remedies, rights to seek judicial review, or defenses the Parties may have under CAA Section 307(b)(1), 42 U.S.C. § 7607(b)(1).

10. The obligations imposed on EPA under this Decree can only be undertaken using appropriated funds. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal statute.

11. Any notices required or provided for by this Decree shall be made in writing, via email or other means, and sent to the following:

For Plaintiff Center for Biological Diversity:

Vera P. Pardee
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: 415.436.9682 ext. 317
Facsimile: 415.436.9683
Email:  vpardee@biologicaldiversity.org

For Plantiffs Greenpeace, Inc, and Port Townsend Airwatchers:

Helen H. Kang
Environmental Law and Justice Clinic
Golden Gate University School of Law
536 Mission Street
San Francisco, CA 94105
Telephone: 415.442.6647
Facsimile: 415.896.2450
Email:  hkang@ggu.edu
Attorneys for Plaintiffs
GREENPEACE, INC. and
PORT TOWNSEND AIRWATCHERS


For EPA :

Norman L. Rave, Jr.
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044
Telephone:  202.616.7568
Facsimile:  202.514.8865
Email:  norman.rave@usdoj.gov

Scott Jordan
U.S. Environmental Protection Agency
Office of General Counsel
ARN: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Telephone: 202-564-7508
Fax: (202) 564-5603
Email: jordan.scott@epa.gov

12. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. The parties shall meet and confer to attempt to resolve the dispute. If the Parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

13. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be filed unless the procedure set forth in Paragraph 12 has been followed.

14. The Parties agree and acknowledge that, before this Decree can be finalized and entered by the Court, EPA must provide notice of this Decree in the Federal Register and an opportunity for public comment pursuant to the Clean Air Act, 42 U.S.C. § 7413(g). EPA will prepare such notice and forward it to the Office of Federal Register no later than ten (10) business days after the parties have signed this Consent Decree and request in writing that the Office of Federal Register take all necessary steps to publish the notice expeditiously. After this Decree has undergone notice and comment, EPA and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold their consent to the Decree. In accordance with 42 U.S.C. § 7413(g), EPA may withdraw or withhold its consent to the decree if the comments disclose facts or considerations which indicate such consent is inappropriate, improper, inadequate, or inconsistent with the requirements of the Clean Air Act. Once EPA and/or the Attorney General elect whether or not to withdraw or withhold their consent to this Decree, EPA shall provide written notice of that election to Plaintiffs as expeditiously as possible. If EPA and/or the Attorney General do not

elect to withdraw or withhold their consent, EPA shall promptly file a motion that requests that the Court enter this Decree.

15. The Court shall retain jurisdiction to determine and effectuate compliance with this Decree. When EPA's obligations under Paragraph 2 and 3 have been completed, and the Plaintiffs' claims for costs of litigation have been resolved pursuant to the process described in Paragraph 6, the above-captioned matter shall be dismissed with prejudice. EPA shall file the appropriate notice with the Court so that the Clerk may close the file.

16. The Parties treat this Consent Decree as jointly drafted, and any rules of construction that construe any ambiguities in this document against the drafting party shall be inapplicable in any dispute concerning the interpretation of this Consent Decree.

17. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to bind that Party to the terms of this Decree.

The Parties' Joint Motion to Enter Consent Decree is **GRANTED**.

This Order Terminates Docket Number 42.

**IT IS SO ORDERED**.

Dated: January 2, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

FOR PLAINTIFFS:

Dated: August 27, 2012        CENTER FOR BIOLOGICAL DIVERSITY

/s/Vera Pardee

Vera Pardee
Attorneys for Plaintiffs
Center for Biological Diversity

Dated: August 27, 2012        ENVIRONMENTAL LAW AND JUSTICE CLINIC


/s/ Helen H. Kang
Helen H. Kang
Attorneys for Plaintiffs
Greenpeace, Inc. and Port Townsend Airwatchers


FOR DEFENDANTS:

Dated: August 27, 2012        IGNACIA S. MORENO

Assistant Attorney General
Environmental & Natural Resources Division


/s/Norman L. Rave, Jr.
Norman L. Rave, Jr.
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
TEL: (202) 616-7568
FAX: (202) 514-8865

Attorneys for Defendants
United States Environmental Protection Agency and Lisa P. Jackson, Administrator, United States Environmental Protection Agency